UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA LOGAN,         )
                            )
  Plaintiff,           )
                            )
        v.          )  CASE NUMBER  1:06CV00033
                            )
MARGARET SPELLINGS,  )
Secretary, U.S. Department  )
of Education,          )
                            )
  Defendant.        )
                            )

ANSWER

Defendant Margaret Spellings, Secretary, U.S. Department of Education, through undersigned counsel, hereby submit the following answer to the above-captioned complaint.

1. This paragraph contains Plaintiff's characterization of the complaint, and not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

2. Defendant admits only that Mary Brayboy was Plaintiff's former first-line supervisor. Defendant responds that the remainder of this paragraph constitutes conclusions of law, and not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained in this paragraph.

3. Admits.

4. This paragraph contains Plaintiff's jurisdictional claims and characterization her complaint, and not allegations of fact, hence no response is required. To the

extent that a response is required, Defendant denies the allegations contained in this paragraph.

5.    This paragraph contains Plaintiff's prayer for relief, and not allegations of fact, hence no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

### Parties, Jurisdiction, and Venue

6.    Defendant admits that Plaintiff Sandra D. Logan was employed by the Department of Education Office of Indian Affairs as a Presidential Management Intern ("PMI") during the time period relevant to this Complaint, and that she is a Caucasian woman not of Native American origin who suffers from one or more disabilities.  Defendant denies any actions of Defendant gave rise to this complaint.  Defendant does not possess sufficient knowledge to admit or deny that Plaintiff resides at the address recited in the caption of this complaint.  To the extent that a response to this allegation is required, Defendant denies this allegation.

7.    Defendant admits that Margaret Spellings is the Secretary of Education and as such is the official who heads the U.S. Department of Education, of which the Office of Indian Education is a part, that the U.S. Department of Education is the an Executive Department which previously employed Plaintiff, and that Defendant is sued in her official capacity only.  With respect to the remaining allegations contained in this paragraph, Defendant responds that they are conclusions of law, and not allegations of fact, to which no response is required.

To the extent that a response is required, Defendant denies all remaining allegations in this paragraph.

8.    This paragraph contains Plaintiff's jurisdictional claims, and averments concerning venue, and not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

## Background

9.    Admit.

10.    Defendant admits only that 5 C.F.R. 362.101 relate to the PMI program, and refers the Court to these provisions for the best evidence of their content. Defendant denies the allegations contained in the second sentence of this paragraph.

11.    Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

12.    Denies.

13.    Defendant admits only that Plaintiff suffers from Meniere's Disease, dysthmia [sic], hypertension, post traumatic stress disorder and panic disorder.  Defendant denies that Plaintiff's disabilities were exacerbated by defendant's treatment of her.  With respect to the remaining allegations in this paragraph, defendant does not possess sufficient knowledge to admit or deny the allegations.  To the extent that a response is required, Defendant denies these allegations.

14.  Defendant denies the allegations contained in this paragraph, and avers that the

Defendant is subject to the authority of Section 215 of Public Law 96-88, 20

U.S.C. 3423(c), which is incorporated as policy in Defendant's Personnel Manual

Instruction 335-3, relating to merit promotion.  Defendant further avers that this

policy requires that preference be given to Indians in personnel actions taken

within OIE, with a number of exceptions, and that such policy did not apply to

Plaintiff's circumstances.

15.  Denies.  Defendant avers that the Indian Preference Rights law and policy

provides an exception for any noncompetitive lateral placement of a non-Indian

or a non-tribal Indian in a position within OIE at the same grade level or to one

with equivalent promotion potential.  Defendant further avers that the

noncompetitive conversion of an individual who has satisfactorily completed a

PMI internship to a career or career-conditional position in the competitive

service at the same grade level pursuant to 5 C.F.R. 315.708 confers status on the

individual by executive order, and without reference to the Indian Preference

rules applicable to competitive appointments in OIE.

16.  Defendant admits only that Plaintiff  is not of Native American origin, and that

two of her former supervisors – Ms. Brayboy and Ms. Martin – are both

American Indians.  Defendant does not  possess sufficient knowledge to admit or

deny the remaining allegations in this paragraph relating to all of Plaintiff's

former supervisors.  To the extent that a response is required, Defendant denies

the remaining allegations in this paragraph.

17.    Defendant admits only that Plaintiff is a qualified individual with a disability, as

that term is used under the Rehabilitation Act of 1973, as amended, 29 U.S.C. 701

et seq.  Defendant avers affirmatively that Plaintiff did not provide sufficient

information for Defendant to determine whether Plaintiff was a qualified

individual with a disability until June 2002.  Defendant does not possess

sufficient knowledge to admit or deny the remaining allegations in this paragraph.

to the extent that a response is required, Defendant denies these allegations.

18.    Defendant admits only that Plaintiff notified Defendant of her need for reasonable

accommodation after reporting for duty, but denies the remaining allegations in

this paragraph.

19.    Denies.

20.    Denies.

21.    Defendant denies the allegations contained in this paragraph, and avers

affirmatively that Ms. Brayboy in fact approved Plaintiff's February 7, 2002,

request to attend a March 5 presentation of the Assistive Technology seminar

(annotated by Plaintiff as "FIRST WRITTEN REQUEST").

22.    Denies.

23.    Defendant denies that any friction between Plaintiff and others of Defendant's

personnel resulted from Ms. Brayboy's actions.  Defendant also denies that Ms.

Brayboy failed to perform duties owed to Plaintiff.  Defendant does not possess

sufficient knowledge to admit or deny the allegations in the second sentence of

this paragraph.

24.    Defendant admits only that Plaintiff requested a meeting that took place on April

16, 2002 with Plaintiff, Ms. Brayboy, Ms. Martin, Ms. Boykin, and Mr. Garcia in

attendance, to discuss various issues relating to Plaintiff's employment with OIE.

Defendant is without sufficient knowledge to respond to the remaining allegations

in this paragraph and, to the extent that a response is required, denies these

allegations.

25.    Defendant is without sufficient knowledge to admit or deny what Plaintiff's the

purpose was of a meeting that Plaintiff requested.  To the extent that a response is

required, Defendant denies the allegations in this paragraph, except to admit that

Plaintiff asked to be reassigned to an office other than OIE.

26.    Defendant admits the allegations contained in the first sentence of this paragraph,

but denies the allegations contained in the second sentence.

27.    Defendant admits only that, on April 23, 2002, Plaintiff asked Ms. Brayboy for a

compressed work schedule (i.e. 10 hours per day, 4 days per week), and that Ms.

Brayboy approved the request.  Defendant avers that Plaintiff worked under this

compressed schedule for 12 weeks.  Defendant further avers that Ms. Brayboy

changed Plaintiff's schedule to an 8-hour, 5-day per week schedule because

Plaintiff requested flexibility in arrival and departure times, which was not

possible under the rules of the compressed schedule.  Defendant denies the

remaining allegations in this paragraph.

28.     Admits.

29.     Defendant denies the allegations contained in this paragraph, but avers

affirmatively that, as early as February 15, 2002, Defendant had decided that it

would need additional time to decide whether Plaintiff should be converted.

Defendant further avers that, on that basis, and in view of the notice requirement

for termination, Defendant sought authorization from OPM to extend the term of

Plaintiff's internship.

30.    Defendant admits that Ms. Martin sent an email to Ms. Boykin on May 3, 2002.

31.    Defendant admits that on May 3, 2002, Ms. Boykin sent a letter to OPM, and

denies the remaining allegations in this paragraph.

32.    Defendant admits that on May 3, 2002, Ms. Martin sent an email to Plaintiff and

denies the remaining allegations in this paragraph.

33.    Defendant admits only that on May 9, 2002, OPM corresponded with Defendant

relating to an extension of Plaintiff's PMI and that Defendant corresponded with

Plaintiff on this matter, and denies the remaining allegations in this paragraph.

34.    Defendant is without sufficient knowledge to admit or deny the allegations

contained in this paragraph.  To the extent that a response is required, Defendant

denies the allegations contained in this paragraph.

35.    Defendant admits only that Plaintiff sought EEO counseling on May 28, 2002,

and denies the remaining allegations in this paragraph.

36.    Defendant admits only that, by letters dated May 17 and May 30, 2002, Plaintiff's

physicians provided information on Plaintiff's mental condition to the

Defendant's Section 504 Coordinator.  Defendant denies the remaining

allegations in this paragraph.

37.    Denies.  Defendant avers that Plaintiff submitted a Reasonable Accommodation

Request Form to the Agency's Section 504 Coordinator on May 3, 2002, and

submitted a revised Form on May 9, 2002, after the Section 504 Coordinator

advised Plaintiff of necessary changes to the form.

38.    Defendant lacks sufficient information to admit or deny the truth of the

allegations contained in this paragraph.  To the extent that a response is required,

defendant denies these allegations.

39.    Denies.

40.    Defendant admits only that, on June 4, 2002, Ms. Brayboy issued Plaintiff a

counseling memorandum citing concerns regarding Plaintiff's failure to address

work-related issues through her chain of command and to demonstrate good

judgment and appropriate interpersonal skills.  Defendant denies the remaining

allegations in this paragraph.

41.    Defendant admits that on June 10, 2002, Ms. Brayboy advised Plaintiff that

Defendant did not intend to convert her.

42.    Admits.

43.    Denies.

44.    Defendant denies the allegations contained in this paragraph and avers

affirmatively that in a May 17, 2002, letter, Plaintiff's doctor indicated that her

conditions are exacerbated by stress.

45.    Denies.

46.    Defendant admits that Plaintiff submitted a letter to Defendant on August 9, 2002.

47.    Denies.  Defendant avers that, on August 21, 2002, Plaintiff hand-delivered to

Defendant a formal request for a medical leave of absence, leave without pay

(LWOP), based on her worsening health conditions.

48.    Denies.

49.    Defendant lacks sufficient knowledge to admit or deny the allegations contained

in this paragraph.  To the extent that a response is required, Defendant denies

these allegations.

50.    Defendant admits that Plaintiff engaged in activity protected under the

Rehabilitation Act, but denies that Plaintiff notified Defendant of her disabilities

beginning with her written job application and again in December 2001, and that

Plaintiff sought reasonable accommodation from Defendant beginning no later

than January of 2002, and continuing through August 20, 2002.

51.    Defendant admits only that Plaintiff initiated informal EEO counseling on May

28, 2002, and that she filed a formal complaint on or about July 10, 2002.

Defendant responds that the remaining allegations in this paragraph constitute

conclusions of law to which no response is required.  To the extent that a response

is required, Defendant denies these allegations.

52.    Defendant responds that the allegations in this paragraph constitute conclusions

of law to which no response is required.  To the extent that a response is required,

Defendant denies these allegations.

53.    Defendant admits only that the Defendant's Final Action was dated October 19,

2005.  Defendant responds that the remaining allegations in this paragraph

constitute conclusions of law to which no response is required.  To the extent that

a response is required, Defendant denies these allegations.

## Count I

54.    Defendant incorporates the responses contained in paragraphs 1 through 53

       above, as thought fully set forth herein.

55.    Admits.

56.    Defendant admits only that she terminated Plaintiff's Presidential Management

       Internship effective September 9, 2002, but denies the remaining allegations in

       this paragraph.

57.    Denies

58.    Denies.

59.    Denies.

## Count II

60.    Defendant incorporates the responses contained in paragraphs 1 through 59

       above, as though fully set forth herein.

61.    Admits.

62.    Defendant admits only that, effective September 9, 2002,  she did not extend

       Plaintiff's Presidential Management Internship and did not convert Plaintiff to

       career civil service status, but denies the remaining allegations contained in this

       paragraph.

63.    Denies.

64.    Denies.

65.    Denies.

## Count III

66.    Defendant incorporates her responses contained in paragraphs 1 through 65

       above, as though fully set forth herein.

67.    Defendant admits only that Plaintiff engaged in activity protected under the

Rehabilitation Act, but denies that Plaintiff notified Defendant of her disabilities

beginning with her written job application and again in December 2001, and that

Plaintiff sought reasonable accommodation from Defendant beginning no later

that January 2002, and continuing through August 20, 2002.

68.    Admits.

69.    Admits.

70.    Defendant admits that Plaintiff is a qualified individual with a disability.

Defendant avers affirmatively that, prior to June 2002, Plaintiff failed to provide

Defendant with sufficient information for Defendant to determine whether

Plaintiff was a qualified individual with a disability.

71.    Denies.

72.    Defendant admits only that she terminated Plaintiff's Presidential Management

Internship effective September 9, 2002, but denies the remaining allegations

contained in this paragraph.

73.    Denies.

74.    Denies.

75.    Denies.

## Count IV

76.    Defendant incorporates her responses contained in paragraphs 1 through 75

above, as though fully set forth herein.

77.    Defendant admits only that Plaintiff engaged in activity protected under the

Rehabilitation Act, but denies that Plaintiff notified Defendant of her disabilities

beginning with her written job application and again in December 2001, and that

Plaintiff sought reasonable accommodation from Defendant beginning no later

that January 2002, and continuing through August 20, 2002.

78.    Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient

information for Defendant to make this determination until June 2002.

79.    Admits.

80.    Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient

information for Defendant to make this determination until June 2002.

81.    Denies.

82     Defendant admits only that, on September 9, 2002, she did not extend Plaintiff's

Presidential Management Internship, and did not convert Plaintiff to career civil

service status, but denies the remaining allegations contained in this paragraph.

83.    Denies.

84.    Denies.

85.    Denies.

## Count V

86.    Defendant incorporates her responses contained in paragraphs 1 through 85

above, as though fully set forth herein.

87.    Admits.

88.     Defendant admits only that, effective September 9, 2002, she terminated

Plaintiff's Presidential Management Internship, but denies the remaining

allegations contained in this paragraph.

89.     Denies.

90.     Denies.

91.     Denies.

**Count VI**

92.     Defendant incorporates her responses contained in paragraphs 1 through 91

above, as though fully set forth herein.

93.     Admits.

94.     Defendant admits only that, effective September 9, 2002, defendant did not

extend Plaintiff's Presidential Management Internship and did not convert

Plaintiff to career civil service status, but denies the remaining allegations in this

paragraph.

95.     Denies.

96.     Denies.

97.     Denies.

**Count VII**

98.     Defendant incorporates her responses contained in paragraphs 1 through 97

above, as though fully set forth herein.

99.     Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient

information for Plaintiff to make this determination until June 2002.

100.    Admits.

13

101.   Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient information for Plaintiff to make this determination until June 2002.

102.   Denies.

103.   Defendant admits only that, effective September 9, 2002, Defendant did not extend Plaintiff's Presidential Management Internship and did not convert Plaintiff to career civil service status, but denies the remaining allegations contained in this paragraph.

104.   Denies.

105.   Denies.

106.   Denies.

## Count VIII

107.   Defendant incorporates her responses contained in paragraphs 1 through 106 above, as though fully set forth herein.

108.   Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient information for Plaintiff to make this determination until June 2002.

109.   Admits.

110.   Admits.  Defendant avers affirmatively that Plaintiff failed to provide sufficient information for Plaintiff to make this determination until June 2002.

111.   Denies.

112.   Defendant admits only that, effective September 9, 2002, Defendant did not extend Plaintiff's Presidential Management Internship and did not convert Plaintiff to career civil service status, but denies the remaining allegations contained in this paragraph.

113.    Denies.

114.    Denies.

115.    Denies.

**Prayer for Relief**.  The allegations contained in this section constitute the Plaintiff's

prayer for relief, to which no response is required.  To the extent that a response is

required, defendant denies all allegations contained in this section.

**Jury Demand**.  This section constitutes Plaintiff's jury demand, to which no response is

required.

**AFFIRMATIVE DEFENSES**

**First Defense**

The Complaint fails to state a claim against the Defendant upon which relief can

be granted.

**Second Defense**

To the extent Plaintiff seeks to raise in this action any allegations or claims not

raised, or untimely raised in the administrative process, such allegations and claims are

precluded for failure to exhaust administrative remedies.

**Third Defense**

Defendant denies that she engaged in any discriminatory or retaliatory conduct

whatsoever.

**Fourth Defense**

Plaintiff has failed to mitigate her damages.

WHEREFORE, having fully answered, Defendant respectfully request that this

Court deny Plaintiff all relief requested, dismiss this action with prejudice, grant

15

Defendant their attorney's fees and costs, and award Defendant all such other and further

relief as may be appropriate.

Respectfully Submitted,


    s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney



    s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney



    s/
_____
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338