UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA D. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0033 (PLF) |
| ) | |
| MARGARET SPELLINGS,, ) | |
| Secretary of Education, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to LCvR 16.3, counsel for the parties conferred by telephone on April 17, 2006. Based on this conference, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case:

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a, as well as the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 et seq., to remedy acts of discrimination in employment practices by the Office of Indian Education of the Department of Education against plaintiff because of her national origin, disabilities, and in retaliation for participation in activities protected under Title VII and the Rehabilitation Act.

The agency official responsible in the first instance for this discrimination and retaliation against Ms. Logan was her former first line supervisor, Mary Brayboy. Ms. Brayboy is deceased and did not participate in the investigation of Ms. Logan's administrative complaint, participate

in the proceedings before the Equal Employment Opportunity Commission, or leave any sworn record of her treatment of Ms. Logan.

<u>Defendants' Statement of the Case</u>:

Defendants deny the allegations that plaintiff was subjected to any form of discrimination, including national origin discrimination, or retaliation.  Defendants deny that the alleged incidents of discrimination and retaliation actually occurred.  Defendant further asserts that all actions taken, to the extent that they occurred at all, were done for legitimate, nondiscriminatory reasons.

As regards the topics set out in Local Rule 16, the parties state as follows:

1.)   <u>Status of Dispositive Motions</u>:  There are no pending motions.  Defendants believe that this action may be resolved by dispositive motion following discovery.  Plaintiff believes that the case will not be resolved on dispositive motion.

2.)   <u>Amended Pleadings</u>:  The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.)   <u>Assignment to Magistrate Judge</u>: The parties have not consented to the assignment of this case to a Magistrate Judge at this time.

4.)   <u>Settlement Possibility</u>:  The parties do not foreclose the possibility of settlement in this case and are amenable to settlement discussions.

5.)   <u>Alternative Dispute Procedures</u>:  The parties agree that Alternative Dispute Resolution may be beneficial and seek an order sending them to a Magistrate Judge to mediate this dispute.

6.)   <u>Dispositive Motions</u>:  The parties agree that any dispositive motion should be

filed within 60 days of the close of discovery; that any opposition to that motion should be filed within 45 days of the filing of the motion; and that any reply should be filed within 30 days of the filing of the opposition.

7.) <u>Initial Disclosures</u>:  The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the Court issues the Initial Scheduling Order.

8.) <u>Discovery</u>:  The parties submit that discovery should begin on June 1, 2006 and end on November 1, 2006.  The parties agree to limit the number of depositions to 10 per side and interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  Due to sensitive personal and/or medical information that may be exchanged, the parties may seek a protective order.

9.) <u>Experts</u>:  The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

10.) <u>Class Action Procedures</u>:  Not applicable.

11.) <u>Bifurcation of Discovery or Trial</u>:  Not appropriate for this case.

12.) <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff takes the position that a status conference should be scheduled after the close of discovery.  Both parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

13.) <u>Trial Date</u>:  The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>: There are no related cases pending before this Court.  Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of

a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ | /s/ |
| Robert C. Seldon, Esq.<br>D.C. Bar No. 245100 | Kenneth L. Wainstein<br>D.C. Bar No. 451058<br>UNITED STATES ATTORNEY |
| /s/ | /s/ |
| Molly E. Buie, Esq.<br>D.C. Bar No. 483767<br>1319 F Street, N.W. Suite 305<br>Washington, D.C. 20004<br>Tel. (202) 955-6968<br>Fax (202)842-1418<br>Attorneys for Plaintiff | Rudolph Contreras<br>D.C. Bar No. 434122<br>Assistant United States Attorney<br><br>/s/<br>Karen L. Melnik<br>D.C. Bar No. 466452<br>Assistant United States Attorney<br>555 Fourth Street, N.W., E-4112<br>Washington, D.C. 20530<br>Tel. (202) 307-0338<br>Fax (202) 514-8780<br><br>Attorneys for Defendants |