UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA D. LOGAN, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>MARGARET SPELLINGS, )<br>  Secretary of Education, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 06-0033<br>(PLF) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 15, Fed. R. Civ. P., for leave to file the Amended Complaint, lodged herewith. The grounds in support of this Motion are fully explained in the accompanying Memorandum of Points and Authorities. A proposed Order has also been filed, in accordance with LCvR 7.1(c).

Counsel for defendant has been advised of this Motion and has stated that defendant consents to it.

                              Respectfully submitted,

                              /s/
                        _____
                        Robert C. Seldon, Esq.
                          D.C. Bar No. 245100

          /s/
      _____
      Molly E. Buie, Esq.
        D.C. Bar No. 483767

      Robert C. Seldon & Associates, P.C.
      1319 F Street, N.W.
      Suite 305
      Washington, D.C.  20004
      (202) 955-6968

      Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA D. LOGAN,           )<br>                             )<br>     Plaintiff,             )<br>                             )<br>          v.                )     Civil Action No. 06-0033<br>                             )       (PLF)<br>MARGARET SPELLINGS,          )<br>  Secretary of Education,   )<br>                             )<br>     Defendant.             )<br>_____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONSENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**INTRODUCTION**

Two precedent-setting decisions were recently issued that materially changed the law governing the nature of acts that are individually actionable in cases of retaliation. One of these decisions was issued on June 22 by the Supreme Court in Burlington Northern & Santa Fe R.R. v. White, 2006 WL 1698153 (U.S. 2006) (slip copy), which "agree[d] with the formulation" adopted by the D.C. Circuit on February 28, 2006, in Rochon v. Gonzalez, 438 F.3d 1211 (D.C. Cir. 2006). Burlington Northern definitively relieved a plaintiff pursing a claim of retaliation from having to show that she sustained an adverse employment or adverse personnel action, as that term had come to be defined under cases such as Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999).

Under the law in this judicial district and as applied by this Court previously, the adverse employment action standard not only applied to claims of discrimination, but of retaliation as well.

1

Nichols v. Truscott, 424 F.Supp.2d 124, 136, 140-41 (D.D.C. 2006) (Friedman, J.); Rochon v. Gonzalez, 319 F. Supp.2d 23, 30-31 (D.D.C. 2005), rev'd 438 F.3d 1211 (D.C. Cir. 2006). Burlington Northern and Rochon have now held that a claim of retaliation may concern any action, personnel or otherwise, that would have been material to a reasonable employee, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington Northern, 2006 WL 1698153 (slip copy at 10) (quoting Rochon, 438 F.3d at 1219). These decisions worked a departure from the D.C. Circuit's most recent articulation of the law that controlled this case at the time plaintiff filed her Complaint. E.g., Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002).

Pursuant to this change in precedent, Plaintiff seeks leave to file an Amended Complaint to include several specific acts of retaliation in Counts I and III of her complaint,[1] and to conform the legal standard articulated in all of the retaliation Counts to the Burlington Northern and Rochon decisions. Each of these acts was raised administratively, thoroughly investigated, and included plaintiff's action before the Equal Employment Opportunity Commission. Under Rule 15, Fed. R. Civ. P., leave to amend is to be "liberally granted," in the absence of prejudice, bad faith, or dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962). Since discovery in this case has not yet begun, and because plaintiff moved promptly upon the

---

[1] The specific acts are that defendant inappropriately charged plaintiff as AWOL and/or threatened her with AWOL; refused to grant her a medical leave of absence; and refused to postpone making a determination about the continuation of her PMI internship pending her recovery and return from medical leave. Instead, defendant terminated her employment.

2

issuance of the Supreme Court's decision in Burlington Northern, plaintiff respectfully seeks leave to amend her complaint.

**ARGUMENT**

**PLAINTIFF SHOULD BE GRANTED LEAVE
TO FILE HER AMENDED COMPLAINT**

Plaintiff filed her Complaint on January 11, 2006. See Cplt. at docket entry no. 1. At that time, the law in this Circuit was that on a retaliation claim, a plaintiff had to show that "1) she engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two." Brown v. Brody, 199 F.3d, 446, 452, 455 (D.C. Cir. 1999); cited by Rochon v. Gonzalez, 319 F. Supp.2d at 30; Nichols v. Truscott, 424 F. Supp.2d at 140-41 (Friedman, J.). In other words, a plaintiff pursing a claim of retaliation had to allege and prove that she had suffered an adverse employment or adverse personnel action, just like a plaintiff in a case of discrimination. E.g., Brown v. Brody, 199 F.3d at 452, 453. Utilizing this standard, the District Court in Rochon granted summary judgment because the plaintiff had not sustained an adverse personnel action, which entailed a "significant change in employment status, such as a hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." 319 F. Supp.2d at 222.[2]

---

[2] The plaintiff in Rochon argued that the law did not require an adverse personnel action with respect to retaliation claims, but the District Court held that "the D.C. Circuit has explicitly imposed an adverse personnel action requirement in order to establish a prima facie case under the *McDonnell Douglas* framework." Rochon, 319 F.Supp.2d at 31 (citing Brown, 199 F.3d at 455).

3

On December 5, 2005, the Supreme Court granted certiorari from the Sixth Circuit's decision in Burlington Northern. 126 S.Ct. 797 (2005). Several months later, the D.C. Circuit overturned the lower court's decision in Rochon. 438 F.3d 1211. At least until the Supreme Court issued its decision, the standard for a claim of retaliation in this Circuit no longer required a plaintiff to demonstrate that she had suffered an adverse personnel or employment action. Rather, as the D.C. Circuit held:

> . . . to support a claim of retaliation a plaintiff must demonstrate the employer's challenged action would have been material to a reasonable employee, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Id. at 1219. Several months later, the Supreme Court issued its decision in Burlington Northern, essentially adopting the D.C. Circuit's standard. 2006 WL 1698153 (slip copy at 10).

The issuance of the Burlington Northern/Rochon retaliation standard has a concrete impact in this case: specifically, several incidents of retaliation that plaintiff raised administratively that may not have previously met the definition of adverse employment action may be actionable under the new standard. See Amended Cplt. ¶¶ 57, 59, 74, and 76 (adding as retaliatory acts that defendant inappropriately charged plaintiff as AWOL and/or threatened her with AWOL; refused to grant her a medical leave of absence; and refused to postpone making a determination about the continuation of her PMI internship pending her recovery and return from medical leave). Additionally, the acts that plaintiff has already alleged as retaliatory must now be evaluated under the Burlington Northern/Rochon

4

standard to determine whether they were materially adverse actions that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 2006 WL 1698153 (slip copy at 10). For these reasons, justice requires that plaintiff be granted leave to amend her Complaint.

Defendant has consented to this Motion and would not be prejudiced by such an amendment as the additional acts of retaliation were investigated administratively and raised in proceedings before the EEOC. In addition, discovery has not yet begun in this case. Moreover, Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend a complaint "shall be freely given . . . " to a plaintiff. Indeed, in Foman v. Davis, the Supreme Court held that Rule 15 is an affirmative mandate that should be heeded: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. 178, 182 (1962). In the absence of undue delay, bad faith, or dilatory motive, leave to amend must be granted unless the defendant can demonstrate unfair prejudice. Id.[3]

---

[3] Many lower courts have held that leave must be granted unless prejudice can be shown. E.g., Frank v. U.S. West, 3 F.3d 1357, 1365 (10th Cir. 1993); Richards v. Mileski, 662 F.2d 65 (D.C. Cir. 1981); Sackett v. Beaman, 399 F.2d 884 (9th Cir. 1968); Lone Star Import v. Citroen Cars Corp., 288 F.2d 69 (5th Cir. 1961); Goldenberg v. World Wide Shippers and Movers of Chicago, 236 F.2d 198 (7th Cir. 1956); Sunray Oil Corp. v. Sharpe, 209 F. 2d 937 (5th Cir. 1954); Hammerman v. Peacock, 607 F. Supp. 911, 916-17 (D.D.C. 1985); Archbold v. McLaughlin, 181 F. Supp. 175 (D.D.C. 1960).

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully moves the Court to grant her leave to file the Amended Complaint, lodged herewith.

Respectfully submitted,

/s/
_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

/s/
_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff