UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 23 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SANDRA D. LOGAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-0033 (PLF) |
| MARGARET SPELLINGS, Secretary of Education, | ) |
| Defendant. | ) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Sandra D. Logan ("Plaintiff") and Defendant Margaret Spellings, in her official capacity as Secretary, U.S. Department of Education ("Defendant"), by and through their respective Counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Plaintiff forever waives, releases and abandons any and all claims against Defendant, the United States, and the Department of Education ("Department") and its past and current employees and agents, concerning the allegations that form the basis of the complaint and the treatment she received (both acts and omissions) whether past or present, alleged, or which could have been alleged, by the Plaintiff during her employment with the Department from the beginning of such employment up to the date of this Stipulation of Settlement, with the exception of potential claims not presently known relating to workplace exposure to toxic, carcinogenic, hazardous, or harmful substances. The Department and its officials and employees hereby and forever waive and generally release plaintiff from any and all claims (actual, potential, or otherwise) of which it presently has knowledge that it has or could assert against Plaintiff,

whether in this action or elsewhere.

3. Defendant shall pay Plaintiff a lump sum of $100,000.00 (One Hundred Thousand Dollars and No Cents) in full settlement of all claims in this matter, without deduction, withholding, or offset. Defendant shall issue this payment electronically to Plaintiff's counsel, Robert C. Seldon & Associates, P.C., through the Central Contracting Registration System (www.ccr.gov), in accordance with wire instructions that Plaintiff's counsel will provide contemporaneously with the execution of this agreement. Upon the District Court's execution of this agreement, Defendant shall promptly submit all information and documents necessary to make the foregoing payment and take all reasonable steps to ensure timely payment. Plaintiff shall be responsible for any tax liabilities to her arising from this payment.

4. Defendant will remove from all employment records all records relating to the end of Plaintiff's Presidential Management Internship ("PMI") or the decision not to extend Plaintiff's PMI, and any reasons relating thereto, and substitute an SF-50 stating that Plaintiff's PMI was completed satisfactorily. Defendant will expunge from Plaintiff's Official Personnel File and collect and destroy any other unofficial copies of the documents relating to the end of Plaintiff's PMI, the decision not to extend Plaintiff's PMI, and any reasons relating thereto, as well as Ms. Brayboy's Memoranda to Plaintiff of June 4, 2002, and June 10, 2002, and will send a Memo specifically to Ms. Cathie Martin, the successor to Ms. Joyce Boykin, and Mr. Bernard Garcia that the settlement agreement requires them to do so. These same three individuals will also make a good faith effort to destroy and delete from their computer hard drives other documents that mention Plaintiff by name. Defendant will route all inquires concerning Plaintiff's employment and job references to the director of the servicing Human Resources office who will respond only

to written inquiry and conveying only information contained in Plaintiff's Official Personnel File, as modified pursuant to this agreement, concerning her dates of employment, position and grade level that is permitted to be disclosed pursuant to 5 C.F.R. sec. 293.311.

5. Defendant will return all copies of Plaintiff's medical records, whether obtained in OR ELSEWHERE (rco) this litigation, in proceedings before the EEOC that preceded it, to counsel for Plaintiff within sixty (60 days) of the execution of this Stipulation of Settlement; except that the Department will be able to retain one copy of a.) the medical records already located in the litigation files of the Office of the General Counsel that Plaintiff provided in support of her claim for accommodation, and b.) of the documents identified for correction and expunction in agency litigation files; which documents and records shall be contained in one or more sealed envelopes or folders, the covers of which shall me marked "Confidential." This file shall be kept in strict confidence, and neither its contents nor its substance shall be disclosed or otherwise communicated, except as required by law, with identifying information redacted and for purposes of conducting a security clearance inquiry relating to Plaintiff or a background check as part of a security clearance.

6. Within sixty (60) days from the execution of this Stipulation of Settlement, Defendant's counsel or counsel for the Department will provide counsel for Plaintiff with a copy of her substituted SF-50s and a letter stating that the other provisions of the Stipulation of Settlement concerning document destruction and correction, and advice to agency management have been completed.

7. Plaintiff agrees to never re-apply for employment or a PMI with the Department.

8. Plaintiff and Defendant enter into this Stipulation of Settlement to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action, as

3

well as all other matters related to Plaintiff's employment at the Department with the exception of potential claims not presently known relating to workplace exposure to toxic, carcinogenic, hazardous, or harmful substances. This Stipulation of Settlement shall represent full and complete satisfaction of any and all such claims, demands, rights and causes of action of whatever kind and nature based upon Plaintiff's employment with the Department, including but not limited to: 1) all claims arising from the allegations set forth in the complaint filed in this action, including all claims of discrimination that have been, or could be, made in this case; 2) all claims for costs and attorney's fees that have been, or could be, made in this case; 3) all pending Equal Employment Opportunity complaints against the Department of Education, both formal and informal; 4) any grievances, appeals, civil actions, and/or complaints filed with any court, the Office of Special Counsel, Federal Labor Relations Authority, Merit Systems Protection Board, Office of Personnel Management, General Accounting Office, or any other Federal agency, administrative court or tribunal. In particular, and without limitation, this Stipulation of Settlement shall include all possible claims by Plaintiff against Defendant for compensatory damages, loss of leave, equitable relief and attorney's fees and costs incurred in connection with any administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action prior to and including the date Plaintiff signs this Stipulation of Settlement.

9. This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of Defendant, its past or present agents, servants, employees, representatives or officers, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

10. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

11. The parties agree that this Stipulation of Settlement will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant, the Department of Education, or any department, agency or instrumentality of the United States, except in a proceeding to enforce its terms.

12. Execution of this Stipulation of Settlement by Plaintiff and her counsel and by the representative of and counsel for the Defendant shall constitute a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), upon its execution by the District Court.

13. Plaintiff acknowledges that she has read this entire Stipulation of Settlement and that she understands all of its terms and conditions. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this stipulation to her and that Defendant has provided sufficient time for this purpose. Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress, or coercion in connection with the execution of this document.

14. The parties agree that the terms expressly recited herein represent the entire Stipulation of Settlement and that there are no terms or conditions to this stipulation except those expressly stated herein. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

15. The parties agree to cooperate fully and to execute any and all documents necessary to implement and effectuate the provisions of this Stipulation of Settlement.

16. The parties contemplate that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

17. The District Court shall retain jurisdiction over this case for the sole purpose of enforcing the terms of this Stipulation of Settlement.

May 18, 2007.

_____
ROBERT C. SELDON, ESQ.
D.C. Bar. #245100
1315 F Street, N.W. Suite 305
Washington, D.C. 20004
(202) 955-6968

Counsel for Plaintiff

_____
SANDRA D. LOGAN

Plaintiff

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

Counsel for Defendant

6



This case is hereby dismissed with prejudice on this 22nd day of May, 2007.

PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

